IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ZACHARY RUSK, | CV 24-54-BU-DWM |
| Petitioner, | |
| vs. | ORDER |
| JACKIE KEERY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted by pro se prisoner Zachary Rusk ("Rusk"). (Doc. 1.) Upon initial review of the petition, it was noted that the filing was illegible and difficult to comprehend; Rusk also failed to submit an account statement along with his motion to proceed in forma pauperis. Rusk was provided leave to file an amended petition and directed to file a copy of his inmate account statement for the last six months. (Doc. 4.)

Rusk has not filed a copy of his inmate account statement. But because there is no reason to delay this action further, the motion to proceed in forma pauperis will be granted.

1

Rusk was informed of the requisite pleading standards governing Section 2254 cases and was advised that he was entitled to relief only if he could show he was in custody pursuant to a judgment of a State court in violation of the Constitution or laws or treaties of the United States. (*Id.* at 2, *citing* 28 U.S.C. § 2254(a)). Rusk was also advised that his petition must:

(1) Specify all the ground for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten, and;
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

(*Id.*, *citing* Rule 2(c) of the Rules Governing Section 2254 Cases).

In response, Rusk filed an amended petition, accompanied by various exhibits. *See* (Doc. 5, 5-1 to 5-5.) Subsequently, Rusk filed additional sets of exhibits. *See* (Docs. 6, 7, 8.) But Rusk's amended petition suffers from the same deficiencies as his first, it is illegible and non-sensical. Accordingly, it is not possible to ascertain Rusk's claims and it fails to state a cognizable federal claim.

To the extent that one could discern potentially viable claims, they appear to be unexhausted. Additionally, on its face, the filing violates Rule 2(c) of the Rules Governing Section 2254 Cases, of which Rusk was previously advised. Rusk also suggests violations related to his medical care and conditions of his present confinement. Those complaints sound in civil rights pursuant to 42 U.S.C. § 1983, not habeas. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser v.*

2

*Rodriguez,* 411 U.S. 475, 499 (1973)

Additionally, Rusk is not challenging a final judgment of conviction from a state court, as his state proceedings are ongoing. Rusk recently filed a habeas petition in the Montana Supreme Court. There, the Court explained the procedural posture of Rusk's state criminal matters:

> We requested and reviewed the registers of actions from the Gallatin County District Court. Rusk has two cases from 2023. In his initial case, the District Court issued an arrest warrant last year, setting a bond amount of $150,000.00. Rusk's other case originally commenced in the Bozeman Municipal Court, and the record was sent to the District Court on appeal. Rusk has had several different attorneys appointed to represent him. Most recently, on March 15, 2024, the District Court issued an Order suspending criminal proceedings and committing Rusk to the Department of Public Health and Human Services (DPHHS) for a fitness to proceed evaluation.

*Rusk v. Keery,* OP 24-0195, at *1 (Mont. April 16, 2024). The Court went on to find that the cause of Rusk's incarceration was due to his pending criminal case and the appeal of the Municipal Court decision, which were both suspended pending the mental health evaluation. *Id.* Because Rusk failed to demonstrate illegal incarceration and was not entitled to habeas corpus relief under state law. *Id.* at *1-2.

As set forth above, Rusk's amended petition fails to state a cognizable claim and violates the Rules Governing Section 2254 Cases. Additionally, a final judgment has not yet been entered in Rusk's state matters. Once that occurs, Rusk may present any federal constitutional claims to the state courts in a procedurally

3

appropriate manner and give them a full opportunity to review the claims in order to effectuate proper exhaustion. *See e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Rusk was advised of this requirement in an Order issued in a separate matter. *See Rusk v. State*, Cause No. CV-23-56-BU-BMM, Ord. (D. Mont. Feb. 15, 2024). Because Rusk has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Rusk is cautioned he should refrain from challenging his active state proceedings in this Court. Continuing to do so may have a preclusive effect on his future ability to file a federal habeas petition. *See e.g., U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999)(explaining AEDPA generally limits prisoners to "one bite at the post-conviction apple" absent very limited circumstances); 28 U.S.C. § 2244(b)(prohibiting filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court). Dismissal will be without prejudice, allowing Rusk to return to this Court if and when he fully exhausts any potential federal claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Rusk has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims are not cognizable, and the petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Rusk's Amended Petition (Doc. 5) is DISMISSED without prejudice as unexhausted.

2. Rusk's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 19th day of August, 2024.

                                                 _____
                                                 Donald W. Molloy, District Judge
                                                 United States District Court